UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ADRIENNE J.,[1]

        Plaintiff,

    v.                                                                                      24-CV-278 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

———————————————————————

## DECISION AND ORDER

Plaintiff Adrienne J. brought this action under 42 U.S.C. § 1383(c)(3) of the

Social Security Act, seeking review of the decision of the Commissioner of the Social

Security Administration that she was not disabled.  Dkt. 1.  Plaintiff moved for

judgment on the pleadings.  Dkt. 6.  The Commissioner responded and cross-moved

for judgment on the pleadings.  Dkt. 10.  For the reasons below, the Court denies

Plaintiff's motion and grants the Commissioner's cross motion.

———————————————

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on March 11, 2020.[2]  Tr. 245–53.[3]  Plaintiff's application was initially denied, as well as upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ").  Tr. 91–135.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Lucian A. Vecchio issued a decision finding that Plaintiff was not disabled.  Tr. 14–70.  Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action.  Tr. 1–6; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive when supported by substantial evidence.  *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019).  "Substantial evidence" is "more than a mere scintilla" and "means such

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level."  *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (citation modified).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration.  All references to Dkt. 3 are hereby denoted "Tr. __."

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (explaining that the Court's review for legal error ensures "that the claimant has had a full hearing under the regulations and in accordance with the beneficent purposes of the Social Security Act." (citation modified)).

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. 20 C.F.R. § 416.920; *see Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant's impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.*

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age,

4

education, and work experience. *Id.* § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. *Id.* §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

## I.     THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 11, 2020. Tr. 19. The ALJ also found that Plaintiff suffered from the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) degenerative joint disease and bursitis of the hips; (3) right knee disorder; (4) right hand disorder; (5) tendinitis of the left foot and ankle, status-post reconstructive surgery; (6) hypertension; (7) arthritis; and (8) obesity. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 21.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations:

> [Plaintiff] could sit for about 5 minutes approximately every 30 minutes, while remaining on task. She would only occasionally kneel, squat, crawl, stoop, crouch, or twist. She would frequently but not constantly handle and finger with the right hand. She would not climb ladders, scaffolds, or stairs; or walking on uneven surfaces; or be exposed to unprotected heights, or heavy

5

machinery; or operate motor vehicles. She could have one 3-minute break per hour.

Tr. 22.

The ALJ found that Plaintiff had no past relevant work. Tr. 25. But the ALJ nevertheless concluded that Plaintiff was not disabled because her age, education, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 26. As such, according to the ALJ, Plaintiff had not been under a disability since her application date of March 11, 2020. Tr. 27.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff advances two arguments for judgment in her favor. *See* Dkt. 6-1 at 9–18. First, Plaintiff argues that the ALJ's RFC determination was based on his own lay opinion because he failed to tether the provision for an hourly three-minute-break to any evidence in the record, as well as because he failed to support his finding that Plaintiff could frequently handle and finger with her right hand. *See id.* at 9–14. Second, Plaintiff argues that the ALJ improperly rejected the opinion of her primary care provider John Sauret, MD. *See id.* at 15–17. As set forth below, Plaintiff's arguments are without merit.

## III.   ANALYSIS

### A.   Evaluation of Dr. Sauret's Opinion

Under the regulations, an ALJ must articulate how he or she considered certain factors when evaluating medical opinions and prior administrative medical findings. *See* 20 C.F.R. § 416.920c(a). Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant (which has five sub-factors of its

6

own); (4) specialization; and (5) any "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." *See id.* § 416.920c(c).

The ALJ is tasked with analyzing medical opinions at the source-level, meaning that he or she need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source. *See id.* § 416.920c(b)(1). What is more, an ALJ need only explain his or her analysis with respect to the supportability and consistency factors, because they are the "most important factors," but need not expound on the remaining three. *See id.* § 416.920c(c).

With respect to the supportability factor, the regulations provide that "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion or prior administrative medical finding, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 416.920c(c)(1) (citation modified). With respect to the consistency factor, the regulations provide that "the more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion or prior administrative medical finding will be." *Id.* § 416.920c(c)(2) (citation modified).

On December 5, 2022, Dr. Sauret completed a medical source statement in which he opined, among other things, that Plaintiff: (1) could only sit for less than 2 hours total during an 8-hour workday; (2) could only stand and walk for about 2

7

hours total during an 8-hour workday; (3) could never use her right arm, hand, or fingers to reach or manipulate; (4) would need a cane or other assistive device when occasionally standing or walking; and (5) would be absent from work more than four days per month. *See* Tr. 557–58. The ALJ found Dr. Sauret's opinion unpersuasive because the record "d[id] not support such restrictive limitations." *See* Tr. 24.

More specifically, the ALJ explained that the limitations regarding Plaintiff's ability to sit, stand, and walk were unsupported by records showing only a mildly antalgic gait and a history of conservative treatment. *See id.* The ALJ also explained that those limitations, as well as the limitation regarding Plaintiff's use of a cane or other assistive device, were inconsistent with the fact that Plaintiff did not use a cane during her most recent physical examination. *See* Tr. 24–25.

Further, the ALJ explained that the limitations regarding Plaintiff's ability to use her right arm, hand, and fingers were inconsistent with reports that Plaintiff was doing well and had no significant pain following her hand surgery in December 2022. *See* Tr. 24. The ALJ also explained that those limitations were inconsistent with Plaintiff's ability, shortly after her surgery, to pinch with her right thumb and index finger and to use her right middle finger for light activity. *See id.* And, finally, the ALJ explained that the limitation regarding Plaintiff's absenteeism was inconsistent with the fact that Plaintiff "consistently presented to medical evaluations." *See* Tr. 25.

The ALJ followed the regulations when evaluating Dr. Sauret's opinion. *See* 20 C.F.R. § 416.920c. Plaintiff's argument to the contrary is, essentially, a

8

disagreement with the ALJ's weighing of the evidence, and it is "not the function of this Court to re-weigh evidence or consider *de novo* whether [Plaintiff] is disabled." *See Teena H. o/b/o N.I.K. v. Comm'r of Soc. Sec.*, 521 F. Supp. 3d 287, 292 (W.D.N.Y. 2021); *see also Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review."). Accordingly, Plaintiff is not entitled to remand based on the ALJ's evaluation of Dr. Sauret's opinion.

## B.    RFC Determination

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. O'Malley*, 116 F.4th 145, 155 (2d Cir. 2024). As long as an ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not error. *See Cichocki*, 729 F.3d at 177 (explaining that remand is not necessary "where an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence" (citation modified)).

9

Here, Plaintiff argues that the ALJ's inclusion of an hourly 3-minute break in the RFC was error because he "provided no medical basis for choosing that particular amount of time." *See* Dkt. 6-1 at 12. Plaintiff's argument fails, however, because the ALJ did not reject some other highly specific off-task limitation in favor of the three-minute-per-hour formulation. *See, e.g., Sean H. v. Comm'r of Soc. Sec.*, 2025 WL 3071367, at *3 (W.D.N.Y. Nov. 4, 2025) (explaining that "when no medical provider opines about a specific time that a claimant will be off task, an ALJ does not err by choosing a specific off-task time to give the claimant 'the benefit of the doubt.'" (quoting *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020))).

Plaintiff also argues that the ALJ "mischaracterized [her] treatment records and examination findings in an effort to support an otherwise completely unsupported finding that she would be capable of frequently using her right hand for fingering and handling." *See* Dkt. 6-1 at 14. That argument misunderstands Plaintiff's burden. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Here, Smith had a duty to prove a more restrictive RFC, and [he] failed to do so.").

As the ALJ discussed in his opinion, Plaintiff was able to pinch with her right thumb and index finger, as well as use her right middle finger for light activity, shortly after her hand surgery. *See* Tr. 956. What is more, Plaintiff does not point to any evidence from which a reasonable factfinder would have to conclude that she had further complications with, or sought additional treatment for, her right hand following her surgery. *See Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir.

10

2012) ("The substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise.*" (citation modified)).  As such, the ALJ's finding that Plaintiff could frequently handle and finger with her right hand was supported by substantial evidence.  *See, e.g., Saeli v. Saul*, 2019 WL 6114779, at \*2 (W.D.N.Y. Nov. 15, 2019) ("Based on the lack of treatment for any ongoing condition, and the absence of any evidence of resulting functional limitation in [the] plaintiff's right hand or wrist, the ALJ's decision not to include exertional limitations concerning [the] plaintiff's use of his right hand in her RFC finding was supported by substantial evidence.").

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6).  The Clerk of the Court will close this case.

SO ORDERED.

Dated:      May 19, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

11